UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lumbermens Mutual Casualty Company, and American Manufacturers Mutual Insurance Company,

Civil File No. 01-1801 (PAM/FLN)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Data Sales Co., Inc.,

Defendant.

---

Data Sales Co., Inc.,

Third-Party Plaintiff,

v.

Federal Insurance Company,

Third-Party Defendant.

---

This matter is before the Court on cross-Motions for Summary Judgment filed by Defendant/Third-Party Plaintiff and Third-Party Defendant.

**BACKGROUND**

Defendant/Third-Party Plaintiff Data Sales Co., Inc. ("Data Sales") entered into a lease for computer equipment with an internet company, Greens.com. The equipment was covered by an insurance policy issued by Third-Party Defendant Federal Insurance Company

FILED JAN 17 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

("Federal"). When Greens.com went out of business, Data Sales attempted to recover the leased equipment. However, much of the equipment was missing by the time that Data Sales was allowed access to Greens.com's offices. Data Sales filed a claim with Federal and also reported the missing equipment to the police.

Six months after Data Sales' claim was filed, Federal denied the claim. The stated reason for the denial was that the insurance policy at issue excluded acts of dishonesty by the insured. In other words, Federal determined that Greens.com's employees stole the equipment, and denied Data Sales' claim on that basis.

Data Sales now seeks summary judgment against Federal claiming that the dishonesty exclusion does not apply to loss payees such as Data Sales. Thus, Data Sales argues that Federal is bound to cover Data Sales' loss as a matter of law. Federal has cross-moved for summary judgment contending that two other policy exclusions, the "audit" and "disappearance" exclusions, preclude any recovery by Data Sales.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut,

but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

There is no dispute that the policy at issue contains a standard-form loss-payable clause, otherwise known as a New York or union clause. Under such a clause, the acts of the insured do not preclude recovery by a loss payee such as Data Sales. Am. Nat'l Bank & Trust Co. v. Young, 329 N.W.2d 805, 812 (Minn. 1983). In this instance, however, Federal contends that there is a question of fact as to whether Data Sales' own actions contributed to the loss. This assertion is completely without support in the record and is contrary to Federal's own investigation into the loss. Indeed, when denying Data Sales' claim, Federal stated explicitly that "[g]iven such a large assortment of equipment reportedly missing we do not believe that such could have been stolen without the disappearance being immediately obvious to directors, officers, and employees. . . . [A]ll evidence to [sic] hand suggests an involvement of employees, officers and directors . . . ." (Breckner Aff. Ex. F at 4, 6.)

Federal may not oppose Data Sales' Motion by offering conclusory allegations that have no evidentiary support. Data Sales is entitled to summary judgment that the dishonesty exclusion does not preclude Data Sales' recovery.

Federal also opposes Data Sales' Motion, and bases its own Motion, on the grounds that two other exclusions apply to preclude recovery by Data Sales. Federal argues that the policy excludes loss or damage "disclosed by audit or inventory count" or "caused by or resulting from disappearance or shortage disclosed on taking inventory, where there is no physical evidence to show what happened." (3d-Party Def.'s Supp. Mem. at 5-6 (quoting policy).) Federal does not explain why these exclusions preclude Data Sales' recovery as a loss payee. These exclusions apply only to conduct of the insured. As discussed above, because the policy contains a union clause, Data Sales cannot be excluded from coverage because of conduct of Greens.com.

Moreover, Federal cannot now rely on exclusions different from and inconsistent with those on which it relied when denying Data Sales' claim in the first instance. SCSC Corp. v. Allied Mut. Ins. Co., 536 N.W.2d 305, 316 n.3 (Minn. 1995). While it may be true, as Federal argues, that the denial letter did not necessarily identify one specific ground for denial, the letter as a whole indicates that Federal believed that Greens.com's employees made off with the equipment. To now allege that some sort of inventory problem is actually responsible for the hundreds of thousands of dollars in missing equipment is disingenuous at best.

Finally, the two exclusions newly raised by Federal plainly do not apply in this instance. The equipment was not lost or miscounted during a regularly scheduled inventory of equipment. Rather, it was missing when the insured vacated its headquarters. Federal's attempt to shoehorn the instant situation into the audit and disappearance exclusions in the policy borders on the absurd.

**CONCLUSION**

Under the plain terms of the insurance policy at issue, Federal is bound to pay Data Sales' loss with respect to the equipment leased to Greens.com. Thus, Data Sales is entitled to partial summary judgment against Federal, and Federal is not entitled to summary judgment against Data Sales. All that remains for resolution is the amount of Data Sales' loss. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant/Third-Party Plaintiff's Motion for Partial Summary Judgment (Clerk Doc. No.) is **GRANTED**; and
2. Third-Party Defendant's Motion for Summary Judgment is **DENIED**.

Dated: Jan 17, 2003

Paul A. Magnuson
United States District Court Judge

Finally, the two exclusions newly raised by Federal plainly do not apply in this instance. The equipment was not lost or miscounted during a regularly scheduled inventory of equipment. Rather, it was missing when the insured vacated its headquarters. Federal's attempt to shoehorn the instant situation into the audit and disappearance exclusions in the policy borders on the absurd.

**CONCLUSION**

Under the plain terms of the insurance policy at issue, Federal is bound to pay Data Sales' loss with respect to the equipment leased to Greens.com. Thus, Data Sales is entitled to partial summary judgment against Federal, and Federal is not entitled to summary judgment against Data Sales. All that remains for resolution is the amount of Data Sales' loss. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant/Third-Party Plaintiff's Motion for Partial Summary Judgment (Clerk Doc. No. 19) is **GRANTED**; and
2. Third-Party Defendant's Motion for Summary Judgment (Clerk Doc. No. 30) is **DENIED**.

Dated: Jan 17, 2003

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.